UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BRYAN S. BLEVINS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-111-TAV-JEM |
| BRIAN ELLERS and AARON WHITE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In accordance with the Court's previous order [Doc. 7], Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, has filed a signed complaint for violation of 42 U.S.C. § 1983 asserting that Defendants failed to protect him from his cellmate [Doc. 9].[1] For the reasons set forth below, Plaintiff's operative complaint [*Id.*] fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED** without prejudice.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail

---

[1] The first signed complaint Plaintiff filed in accordance with the Court's order includes a completed form complaint [Doc. 9, pp. 1–11], a page of factual allegations [*Id.* at 12], and copies of his grievance documents [*Id.* at 13–19]. With that complaint, Plaintiff also submitted a second copy of his completed form complaint [Doc. 10]. However, as Plaintiff's second signed complaint [*Id.*] is substantively identical to the form complaint he filed as part of the first signed complaint [Doc. 9, pp. 1–11] but does not include the factual allegations and exhibits upon which it is apparent that Plaintiff seeks to rely in this action [*Id.* at 12–19], the Clerk is **DIRECTED** to strike Plaintiff's second signed complaint [Doc. 10] to avoid any confusion.

to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS

After Plaintiff was moved to a different cell, his new cellmate told Plaintiff that Plaintiff could not live there [Doc. 9, pp. 4, 12]. Plaintiff and his cellmate therefore asked Sergeant ("Sgt.") Aaron White to move Plaintiff several times [*Id.* at 12]. In a grievance attached to his complaint, Plaintiff also states that he and his cellmate told Sgt. White that

2

Plaintiff "could not live in that cell due to [his] charge" [*Id.* at 15].[2] Also, an incident report completed by Sgt. White that Plaintiff attached to his complaint indicates that (1) Plaintiff asked Sgt. White if Plaintiff's Prison Rape Elimination Act ("PREA") document was compatible with his new cellmate's, and Sgt. White ensured that it was; and (2) Plaintiff's cellmate told Sgt. White that he was "good to live with [Plaintiff] and didn't have any issues with [Plaintiff]" [*Id.* at 16]. But Plaintiff asserts that Sgt. White and others denied his requests to be moved even though Plaintiff feared for his life [*Id.* at 12].

Plaintiff's cellmate then attacked him by cutting the right side of his neck in an attempt to kill him, and the cellmate admits that this "was a hate crime as [Plaintiff is] a sex offender" [*Id.*].

Based on these allegations, Plaintiff has sued Sgt. White and Warden Brian Ellers [*Id.* at 1, 2]. As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief [*Id*. at 5, 12].

### III. ANALYSIS

First, Plaintiff provides no facts from which the Court can infer that Warden Ellers was personally involved in the incident underlying his complaint, such that he could be liable for Plaintiff's claim under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may

---

[2] The exhibits to Plaintiff's complaint "are a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, the Court includes statements from these exhibits as part of Plaintiff's allegations.

3

be granted under § 1983). And Warden Ellers cannot be liable under § 1983 based only on his supervisory position. *Ashcroft*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior").

As to Sgt. White, the Court construes Plaintiff's complaint to assert a claim for violation of the Eighth Amendment arising from his failure to protect Plaintiff from the cellmate that attacked him. The Eighth Amendment's prohibition on "cruel and unusual punishment" "places duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Those duties require officials to "take reasonable measures to guarantee the safety of" inmates. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–27 (1984)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations omitted) (alteration in original).

Plaintiff has not set forth facts from which the Court can plausibly infer that Sgt. White was deliberately indifferent to a substantial risk of harm to Plaintiff. While Plaintiff states that he and his cellmate told Sgt. White that Plaintiff could not be housed with the cellmate due to being a sex offender, this statement does not allow the Court to plausibly

4

infer that Sgt. White knew of a substantial risk of harm to Plaintiff from his cellmate that he failed to reasonably address, especially as Plaintiff's complaint documents also indicate that (1) Sgt. White ensured that Plaintiff and his cellmate were compatible based on PREA documents, and (2) Plaintiff's cellmate told Sgt. White that he did not pose a threat to Plaintiff.

Specifically, Sgt. White's knowledge that Plaintiff is a sex offender does not show that he knew of a substantial risk of harm to Plaintiff. *See Schoonover v. Rogers*, No. 21-3970, 2022 WL 12258998, *6 (6th Cir. Oct. 21, 2022) (holding that where the evidence suggested that an officer knew the plaintiff was a sex offender and that the inmate who attacked the plaintiff had previously attacked a sex offender but did not show that the officer knew the reason for the prior attack, it was not sufficient to hold the officer liable for failing to protect the plaintiff from the attacking inmate). And Plaintiff's allegation that he and his cellmate told Sgt. White that Plaintiff "could not live" in the cell due to his charge is insufficient to support this claim, as this general and ambiguous statement does allow the Court to plausibly infer that Sgt. White knew of any specific indication that Plaintiff's cellmate posed a substantial risk of harm to him. *Id.* at *7 (stating that a failure to protect claim requires the plaintiff to demonstrate that the defendant "was aware that [an attacker] was especially likely to assault individuals in the vulnerable group, whether because of past incidents of violence, threats, or other indicia"); *see also Reedy*, 988 F.3d at 915 (finding that an attacker's statements to the defendant that "You guys got to move this motherfucker out of my cell" or "whatever happens . . . is going to be onto [you]" and that he was "going to do what he's got to do" were insufficient to establish a failure to

5

Case 3:24-cv-00111-TAV-JEM   Document 12   Filed 06/11/24   Page 5 of 6   PageID #: 107

protect claim, as inmates often threaten each other and the statements did not "impute actual knowledge of a substantial risk of harm") (citation omitted).

Thus, Plaintiff has not alleged that Sgt. White knew of any specific indication that Plaintiff's cellmate posed a substantial risk of harm to him, and the complaint shows (1) Sgt. White made sure Plaintiff and his cellmate's PREA documents were compatible and (2) Plaintiff's cellmate told Sgt. White that he did not pose a threat to him. As such, the Court cannot plausibly infer that Sgt. White was deliberately indifferent to a substantial risk of serious harm to Plaintiff, and Plaintiff failed to "nudge[] [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant.

## III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to strike Plaintiff's second signed complaint [Doc. 10];

2. Plaintiff's operative complaint [Doc. 9] fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE